UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOVISA V.W.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C20-1404-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff Lovisa V.W. seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ erred in assessing the limitations plaintiff's migraine headaches cause and that the resulting residual functional capacity finding and finding of non-disability are therefore erroneous. Dkt. 16. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

Plaintiff argues that the ALJ failed to properly consider her testimony, the medical evidence, and the lay witness testimony regarding the frequency of plaintiff's migraine headaches and their impact on plaintiff's ability to attend work within the reasonable tolerance of employers. Dkt. 16 at 3. She asserts that despite finding migraine headaches to be a severe impairment at step two, the ALJ erroneously failed to include any limitations related to work

attendance in the RFC finding and that this error harmed plaintiff because the vocational expert testified that a person who missed two or more days of work per month would not be able to maintain any of the jobs identified at the hearing. *Id.*

### A. Plaintiff's testimony

Plaintiff alleged in her application for benefits that she experienced migraines 10-plus times per month. Tr. 229. At the hearing, she testified that a medication she began taking in 2019 reduced her migraines to 3 to 4 times per month; she continued to experience tension headaches which were unaffected by the migraine medication. Tr. 59-60. She testified that she when she missed appointments, it was because she could not leave the house due to having either a migraine or a flare-up of another condition. Tr. 68-69.

In assessing plaintiff's testimony, the ALJ found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 26. The ALJ first considered her statements about her physical impairments, migraine headaches and fibromyalgia, finding that plaintiff's allegations were out of proportion to the objective findings. Tr. 27. The ALJ discussed imaging results, physical examination findings, plaintiff's reports of exercising at a gym and walking for exercise, observations by plaintiff's treatment providers, and plaintiff's reports of improvement with treatment, medication, and diet changes. Tr. 27-29. The ALJ concluded that the relatively benign objective findings and plaintiff's presentations at appointments did not corroborate her reports of severe restrictions with standing, walking, lifting, sitting, climbing stairs, squatting, bending, kneeling, using hands, feeling with fingers, reaching, and extending arms. Tr. 29-30.

Plaintiff argues that the ALJ erred by rejecting all of plaintiff's testimony about the frequency of her migraines and the impact they would have on her ability to attend work without making any specific findings as to what the ALJ believed their frequency to be or how often they would cause plaintiff to miss work. Dkt. 16 at 7. She clarifies in her reply brief that she does not challenge the ALJ's credibility assessment in its entirety; rather, she focuses her argument on the ALJ's rejection of her testimony that her migraines still occur 3 to 4 times per month despite medication and that when they do occur she would be unable to show up for a job. Dkt 18 at 7.

Plaintiff effectively argues that even though the ALJ properly discounted her testimony, the ALJ was nevertheless required to incorporate her allegations into the RFC finding. In an analogous situation, where an ALJ has properly discounted medical opinions, the ALJ is not required to incorporate those opinions into the RFC finding. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Here, the ALJ provided valid reasons to discount plaintiff's testimony and was therefore not required to incorporate her allegations into the RFC finding.

Plaintiff argues that, with respect to her testimony about her migraines, the ALJ's reliance on diagnostic imaging is misplaced because there is no test that exists to establish a migraine headache and because a lack of objective medical evidence would go to whether an impairment is severe. Dkt. 16 at 7. But the ALJ can consider a lack of objective medical evidence as a relevant factor in assessing a claimant's testimony, although it cannot be the sole reason an ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ found the lack of supporting evidence undermined plaintiff's allegations regarding her physical impairments. The ALJ did not require a test to establish the existence of migraines or rely on a lack of supporting objective evidence as the sole reason to discount

plaintiff's testimony. This was a valid consideration in assessing her testimony about her physical impairments.

Plaintiff also faults the ALJ for lumping together plaintiff's testimony about fibromyalgia and migraines when assessing her testimony about her physical impairments. Dkt. 16 at 7. She argues that while the ALJ's reliance on a lack of significant findings on physical examination may support rejecting some of plaintiff's fibromyalgia testimony, it does not support rejecting her migraine testimony. *Id.* at 7-8. But the ALJ gave valid reasons for discounting plaintiff's testimony overall. It is not the Court's place to determine the order in which the ALJ should have made this assessment or whether certain impairments should or should not be assessed together. In fact, plaintiff herself conflated the two impairments in her testimony, stating that when she missed appointments it was due to either a migraine or a flare up of another impairment. Tr. 68-69. The Court will not disturb the ALJ's decision to assess plaintiff's testimony about her physical impairments together.

Plaintiff asserts that the ALJ generally finds all of plaintiff's migraine testimony incredible "without ever providing specific and legitimate reasons for her ultimate finding that Plaintiff never has any episodes of migraines." Dkt. 18 at 8. This assertion is misleading, as the ALJ made no such finding. Plaintiff further asserts that even if the ALJ properly rejected the testimony that plaintiff's migraines occur 10 time per month, the ALJ made no finding as to how frequently migraines occur or how they affect plaintiff's ability to attend to a full-time work schedule. *Id.* at 8. She argues that this was error because the evidence at the hearing established that they occur 3 to 4 time per month, which would cause excessive absenteeism and preclude employment. *Id.* at 8-9. But the RFC is an assessment of an individual's functional limitations and restrictions, done on a function-by-function basis. Social Security Ruling 96-8p. While this

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 4

assessment includes the impact of symptoms, it is not a recitation of symptoms and there is no requirement that the RFC include findings about the frequency of symptoms. The ALJ included in the RFC environmental limitations designed to minimize triggers for migraines. Tr. 25. These were the migraine-related limitations the ALJ found supported by the evidence. The ALJ was not required to make a finding as to how frequently plaintiff experiences migraines and did not err by failing to do so.

Plaintiff argues that the ALJ failed to specifically identify her testimony regarding the frequency and severity of her migraines and failed to provide clear and convincing reasons to reject that specific testimony. Dkt. 16 at 9. But the ALJ specifically noted plaintiff's testimony that she would be absent from work frequently due to migraines and fibromyalgia flares, that she had about 10 headache episodes per month and about 3 migraine headache episodes per month, and that the prescribed medication for migraines makes her feel sick. Tr. 26. This was the testimony the ALJ evaluated and found inconsistent with the medical evidence and other evidence in the record. Tr. 26-30. The ALJ did not fail to sufficiently identify the testimony.

Plaintiff essentially argues that the ALJ was obligated to find specific limitations (i.e., limitations in her ability to attend work) simply because the ALJ found her migraines to be severe. There is no such requirement. Rather, the ALJ must include only the limitations the ALJ finds to be credible and supported by the evidence. That is what the ALJ did. Because the ALJ provided clear and convincing reasons, supported by substantial evidence in the record, for discounting plaintiff's testimony, the Court cannot disturb that assessment.

### B. Medical records

Plaintiff asserts that the ALJ erred by failing to discuss notes from treating providers Dr. Hancock and Dr. Koehn stating that plaintiff continues to have up to 4 migraines per month,

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 5

even with medication. Dkt. 16 at 10. In December 2018, Dr. Hancock stated that plaintiff's medication was helping her have less intense and less frequent migraines, she had had "3 bad ones since last time," and she had them every 10 to 15 days. Tr. 995. In July 2019, Dr. Koehn stated that after beginning a different medication, plaintiff noticed that her migraines were milder/less severe and less frequent, and she was able to tell the difference between migraines and tension headaches. Tr. 1055. Dr. Koehn stated that plaintiff went from having 10 days of migraines per month to 4, they were not as intense, and "Some of her migraines are just absolutely terrible. This is a huge relief." *Id.*

Plaintiff asserts that these records contradict the ALJ's assumption that plaintiff would have no migraines that would affect her ability to attend employment, and that the ALJ erred by failing to discuss these records or explain why they were given less weight than other records the ALJ relied on, such as records showing no muscle atrophy and only one documented episode of light sensitivity. Dkt. 16 at 10.

Plaintiff has pointed to two notes from nearly 800 pages of medical records that she asserts undermine the ALJ's RFC assessment. An ALJ must explain why "significant, probative evidence has been rejected," and must explain why uncontroverted medical evidence is rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). However, while the ALJ must "make fairly detailed findings in support of administrative decisions to permit courts to review those decisions intelligently," the ALJ "need not discuss all evidence presented." *Id.* at 1394-95.

Plaintiff argues that these two notes support her contention that she would be frequently unable to attend work due to migraines. However, the notes do not opine as to any functional limitations caused by plaintiff's migraines. Rather, they document the presence of migraines and note reduced severity and frequency with medication. These notes are not significant, probative

evidence of functional limitations caused by plaintiff's migraines. The ALJ did not err by failing to discuss them.

C. **Lay witness statements**

Plaintiff argues that the ALJ failed to give germane reasons to reject the lay witness statements from Tansy Peterson and Aisha Somani. Dkt 10 at 10. In January 2018, Ms. Peterson, plaintiff's sister, stated that plaintiff had up to 3 headaches per week and listed the dates of the three most recent headaches she had observed. Tr. 211. She stated that plaintiff's headaches lasted 4 to 12 hours and that they rendered her incapable of functioning. *Id.* In November 2019, Ms. Somani, an employment specialist who worked with plaintiff in a supported employment program, stated that plaintiff frequently cancelled appointments due to her disability and being ill, and that she had been to plaintiff's residence and seen how plaintiff's disability prevented her from doing her activities of daily living. Tr. 306. Ms. Somani opined that plaintiff would be able to work about 10 hours maximum per week with great flexibility. *Id.*

The ALJ considered these and other lay witness statements together and found that their description of the severity of plaintiff's symptoms and limitations were similar to plaintiff's own reports and that they were not persuasive for the same reasons the ALJ found plaintiff's statements about the severity of her symptoms were not consistent with the evidence, including the longitudinal treatment history, the objective findings, her performance at appointments and at physical and mental status examinations, and her rather independent daily activities. Tr. 36.

Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives specific, germane reasons for doing so. *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Where an ALJ has provided clear and convincing reasons for finding a claimant not fully credible, those

reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff argues that the ALJ's reasoning is not germane to Ms. Peterson because she personally observed migraines occurring 3 times per week and listed the dates of the three most recent migraines she had observed. Dkt. 16 at 11. Similarly, plaintiff argues that the ALJ's reasoning is not germane to Ms. Somani because she did not just give a generic recitation of plaintiff's complaints but stated she had observed plaintiff having migraines and had known her to cancel or miss appointments because of them, and had observed plaintiff's diminished function at in-home appointments. *Id.* But all lay witness testimony is based on personal observation. That is not a reason to preclude the ALJ from discounting it for the same reasons she discounted plaintiff's testimony. Plaintiff has not identified any way in which the ALJ erred in finding that these witnesses' statements are similar to plaintiff's testimony and that the reasons the ALJ gave for discounting plaintiff's testimony apply to these witness statements as well. The ALJ gave a valid reason, supported by substantial evidence, for discounting the lay witness statements.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 28th day of May, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 8